UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **WILDEARTH GUARDIANS,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 09-cv-1893** |
| | § | |
| **KEN SALAZAAR, in his official capacity** | § | |
| **as Secretary of the Interior,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**MEMORANDUM AND ORDER**</u>

Pending before the Court is Defendant's Motion to Dismiss (Doc. No. 16). For the following reasons, this Motion must be denied.

**I.      BACKGROUND**

This case arises under the Endangered Species Act ("ESA"). The Secretary of the Interior jointly administers the ESA with the Secretary of Commerce. "The plain intent of Congress in enacting this statute was to halt and reverse the trend towards species extinction, whatever the cost." *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 184 (1978). The ESA requires the  U.S. Fish and Wildlife Service ("FWS") to develop and implement "recovery plans" for the conservation and survival of listed endangered species, unless it specifically finds that such a plan would not benefit the species. 16 U.S.C. § 1533(f).

The jaguarundi is one such listed endangered species. Jaguarundi are small, slender cats with short legs and small ears that give them an otter-like appearance. (Pl. Compl. ¶ 14.) The two sub-species at issue in this case are the Gulf Coast jaguarundi, and

the Sinaloan jaguarundi. On August 22, 1990, the FWS issued a document entitled "Listed Cats of Texas and Arizona Recovery Plan" (the "Plan"). Although the stated goal of the Plan is "[t]o remove the ocelot and the jaguarundi from the Federal list of endangered and threatened species," the Plan goes on to note that its primary focus is the ocelot because of the limited information available about the jaguarundi. (The Plan, Def. Mot. Ex. 1 at ii.) Indeed, the Plan explicitly acknowledges the need to gather more information about the jaguarundi. (*Id*. at 39-46.) Among the action steps listed in the Plan is to "assess the status of the jaguarundi in Texas and northern Mexico," noting that such status "must be determined before a management plan can be focused on this species." (*Id*. at 39.) Plaintiff alleges that, because the Plan does not meet the requirements of 16 U.S.C. Section 1533, the FWS has failed to prepare and implement a recovery plan for the Gulf Coast and Sinaloan jaguarundi as required by this statute.

Plaintiff brings this action against Ken Salazaar, in his official capacity as Secretary of the Interior ("Secretary"), for failure to perform his obligations under the ESA with respect to the jaguarandi species, and under Section 706(1) of the Administrative Procedures Act ("APA") for agency action unlawfully withheld and unreasonably delayed in contravention of the law. Plaintiff seeks declaratory relief and an order mandating that the Secretary prepare a recovery plan for the Gulf Coast and Sinoloan jaguarundi by a reasonable date certain. Defendant now moves to dismiss this case for lack of subject matter jurisdiction or, in the alternative, because Plaintiff has failed to state a claim upon which relief can be granted.

## II.    MOTION TO DISMISS

### A.    Federal Rule 12(b)(1)

The court must dismiss a case when the plaintiff fails to establish subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151.

### B.    Federal Rules 12(c) and  12(b)(6)

A Rule 12(c) judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. *Faibisch v. University of Minnesota,* 304 F.3d 797, 803 (8th Cir. 2002). In the Fifth Circuit, the standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*  385 F.3d 503, 529 (5th Cir. 2004). Judgment on the pleadings is appropriate only if material facts are not in dispute and questions of law are all that remain. *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998).

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need

detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

In considering a motion to dismiss for failure to state a claim, a district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Furthermore, a Court may refer to matters of public record when deciding a motion to dismiss. *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595, 595 (5th Cir. 2000). Because the Plan is a public record and is attached to Defendant's Motion as a central component of this dispute, this Court will consider it in ruling upon this Motion.

## III. ANALYSIS

### A. Subject Matter Jurisdiction

ESA Section 1540(g)(1)(C) confers jurisdiction on a district court when "there is alleged a failure of the Secretary to perform any act or duty under [16 U.S.C. Section 1533] which is not discretionary with the Secretary." Defendant alleges that this Court lacks jurisdiction to hear this case because, in enacting the Plan nineteen years ago, the Secretary discharged his non-discretionary obligations under the ESA. Therefore, argues Defendant, there is no relief that this Court can award.

In response, Plaintiff alleges that the Plan does not qualify as a recovery plan for the Gulf Coast or Sinaloan jaguarundi under the terms of the ESA, and that the Secretary has therefore not met his non-discretionary recovery planning duties for the jaguarundi. Plaintiff lists several examples of the ways in which the Plan does not qualify as a recovery plan for the jaguarundi under the terms of the statute. These examples highlight the Plan's primary focus on the ocelot, and support Plaintiff's contention that it fails to create and consider concrete criteria for the recovery and delisting of the jaguarundi. Accordingly, whether the Plan constitutes a recovery plan for the jaguarundi under 16 U.S.C. Section 1533 is the central issue in dispute between the parties.

Citizen suits against the Administrator of the ESA are limited to those duties which are mandatory under the legislation, and cannot extend to those areas of enforcement with regard to which the Administrator has discretion. *Cf. Kennecott Copper Corp., Nevada Mines Div., McGill, Nev. v. Castle*, 572 F.2d 1349, 1353 (9th Cir. 1978) (finding that the legislative history of the analogous citizen suit provision of the Clean Air Amendments indicated Congressional intent to limit citizen suits and mitigate potential disruption to the Administrator's exercise of discretion). Similarly, a claim under Section 706(1) of the APA can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take. *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004). Plaintiff's Complaint is therefore a valid challenge to Defendant's action under both the ESA and the APA, as Plaintiff alleges that Defendant failed to perform a duty that was non-discretionary under the ESA.

Moreover, in arguing that this Court does not have subject matter jurisdiction to hear this case, Defendant alleges that the Secretary did discharge his non-discretionary duties through issuance of the Plan, in direct contravention of the allegations in Plaintiff's Complaint. In circumstances where "the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under either Rule 12(b)(6) or Rule 56." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). This Court therefore finds that jurisdiction exists and we must examine the Defendant's Motion as a direct attack on the merits of Plaintiff's case under Rule 12(b)(6).[1]

In its Complaint, Plaintiff avers that Defendant "neither made a finding that the recovery plan would not promote the conservation of the Gulf Coast or Sinaloan jaguarundi, nor has he created and implemented a recovery plan for these sub-species." (Pl. Compl. ¶ 3.) Plaintiff further lists what a recovery plan must include under 16 U.S.C. Section 1533(f): a description of site-specific management actions; objective, measurable criteria by which a species can be removed from the list; and estimates of the time required to carry out those measures. Recovery plans may include some speculative future research actions, but must also include concrete, specific management actions. *See Defenders of Wildlife, et al., v. Babbitt, et al.*, 130 F. Supp. 2d 121, 132 (D.D.C. 2001). In designing objective, measurable criteria, the FWS must address each of the five statutory delisting factors provided in the ESA and measure whether threats to the species have

---

[1] Because discovery has not yet begun in this case, this Court declines to treat this as a Rule 56 motion for summary judgment. Moreover, because Defendant has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), which, in this Circuit, is to be evaluated under a Rule 12(b)(6) analysis, treating this Motion as a 12(b)(6) motion is particularly appropriate. *See* Section IIB, supra.

been ameliorated. *Id.* at 133. That some recovery measures will be subject to ongoing revision and updating "does not mean that it is not practicable to provide a time estimate within which they could initially be completed." *Id.* at 134. Plaintiff argues that, to the extent that the Plan mentions the jaguarundi at all, the action items listed are merely preludes to a recovery plan or are actions that provide no detail as to implementation. Furthermore, Plaintiff points out that these are all future actions with no specific deadlines for completion. Finally, Plaintiff avers that the Plan provides no objective and measureable criteria by which the jaguarundi can be delisted, finding instead that these criteria are difficult to determine.

Plaintiff also points out that the FWS website states that "no recovery information is available for the Sinoloan jaguarundi," a representation also contained in the FWS reports to the House Committee on Energy and the Environment for the years 2003 and 2006. These facts further suggest that the Plan does not in fact qualify as a recovery plan for at least some of the jaguarundi.[2]

In light of these contentions, this Court finds that Plaintiff's case does survive a 12(b)(6) motion to dismiss. Despite the existence of a Plan, Plaintiff has sufficiently alleged that Defendant has not performed his non-discretionary duties under 16 U.S.C. Section 1533(f) because the Plan does not meet the non-discretionary requirements of a recovery plan.[3] For this reason, the Complaint also alleges a violation under the APA for agency action unlawfully withheld and unreasonably delayed.

---

[2] As with the Plan itself, the FWS website is a public forum that this Court may consider in ruling upon the present Motion.

[3] The Court notes that, contrary to Defendant's assertions, Plaintiff does not challenge the reasonableness or wisdom of the contents of the Plan. Such a challenge would constitute one to the Secretary's discretionary judgment as to what actions would benefit an endangered species, and would therefore be outside of this Court's jurisdictional grant. Rather, Plaintiff's Complaint questions whether the Secretary performed actions required of him at all.

**B.     Statute of Limitations**

Defendant further argues that, to the extent that Plaintiff challenges the sufficiency of the Plan under Section 1533 rather than the existence of the recovery plan at all, its claim is barred under the relevant statute of limitations. Section 2401(a) provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401. Under this statute, a cause of action accrues when a party has either actual or constructive knowledge of the facts forming the basis of his cause of action. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *Vigman v. Community Nat. Bank & Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). Defendant alleges that Plaintiff was on notice of the Plan in 1989, and therefore this is the relevant time from which the applicable statute of limitations should be measured.

This Court disagrees. First and foremost, this Court rejects the premise that what is being challenged is solely the sufficiency of the Plan as enacted in 1990. As Plaintiff points out, the ESA sets out a duty for both preparation and implementation of a recovery plan, and therefore creates an ongoing duty to actively seek species recovery beyond just publication of a plan. In other words, the Secretary's compliance or non-compliance with his non-discretionary obligations under the ESA with respect to the jaguarundi is not pegged to the point in time in which the Plan was released, as his obligations continued even after this time. Plaintiff admits that the Plan does include reference to the jaguarundi and the need to gather information about its status, and that this constitutes a prelude to a recovery plan. Thus, that the Plan *could have* resulted in recovery implementation is not in dispute. What Plaintiffs now challenge is the failure of Defendant to take further steps

towards creation of a compliant recovery plan following these initial planning steps. That is, the injury alleged by Plaintiff did not occur with the publication of the non-compliant Plan. The injury occurred when the Defendant subsequently and continuously failed to gather the necessary information to issue and implement a compliant plan thereafter. Put another way, the gravamen of Plaintiff's Complaint is not that the 1990 recovery plan is inadequate or poorly done, but instead that no recovery plan was ever created, whether in 1990 or in the years after the FWS had explicitly acknowledged that little information was known about the jaguarundi.

Secondly, Plaintiff suffered a continuing violation by the Secretary's alleged failure to act toward the recovery of the jaguarundi as required by the ESA. With such a continuing violation, recovery may be had for at least those violations that occurred within the period of limitations. *Hendrix v. City of Yazoo City, Miss.*, 911 F.2d 1102, 1103-1104 (5th Cir. 1990). It is true that part of what Plaintiff alleges is that no recovery plan was created in 1990. However, according to Plaintiff, neither was a recovery plan created in the years after, including in the six-year period leading up to this suit. Accordingly, Plaintiff's suit does not violate the applicable statute of limitations. While Defendant understandably disputes the assertion that no plan was ever created and argue that Plaintiff's only cognizable claim is a challenge to the sufficiency of the 1990 Plan, this Court nonetheless finds that the Complaint sufficiently alleges that the Secretary has continuously failed to perform actions required of him under the ESA. Accordingly, discovery should go forward and this case should proceed to a determination on the merits.[4]

---

[4] While the Court acknowledges that many of the relevant facts in this case will be matters of public record that will not reasonably be disputed, Plaintiff has indicated that it seeks a period of discovery prior to a

The Court also takes the opportunity to note that, although it survives this Motion to Dismiss, the Complaint does not explicitly reference the Plan nor fully explain how its existence factors into the allegations made against Defendant. While this Court was made aware of the full nature of Plaintiff's Complaint through briefing on this Motion, it nonetheless encourages Plaintiff to consider amending its Complaint so that the Plan is more clearly and openly referenced and incorporated.

## IV.   CONCLUSION

For the foregoing reasons, this Court finds that it has subject matter jurisdiction over this case, and that case should proceed to the discovery phase. Defendant's Motion to Dismiss (Doc. No. 16) is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this ⁊ day of December, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

determination on the merits. Noting that the legal issues taken up at a later stage will be largely the same as those discussed here, the Court emphasizes that it has made no final determinations of law other than to find that it has jurisdiction and Plaintiff's Complaint is sufficiently pled. Whether the Secretary has, as a matter of law, fulfilled his non-discretionary obligations under the ESA, remains to be conclusively determined.